**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Chief Judge Marcia S. Krieger**

**Civil Action No. 13-cv-00503-MSK**

**In the matter of :**

**ARGO KAUR,**

    **Petitioner,**

**v.**

**DAGGRIS INTELMANN,**

    **Respondent.**

**concerning A.-L., Minor child**

---

### ORDER GRANTING, IN PART, MOTION FOR ATTORNEY FEES
---

    **THIS MATTER** comes before the Court pursuant to the Mr. Kaur's Motion for Attorney Fees **(# 35)**, Ms. Intelmann's response **(# 37)**, and Mr. Kaur's reply **(# 38)**.

    Mr. Kaur brought this action pursuant to the International Child Abduction Remedies Act, 42 U.S.C. §11601 *et seq.* After an evidentiary hearing, the Court concluded directed that Ms. Intelmann return the minor child A.-L. to Estonia. Mr. Kaur now moves for an award of reasonable attorney fees and costs pursuant to 42 U.S.C. § 11607(b)(3). Mr. Kaur requests a total of $ 18,925.80 in fees and costs.

    As with all fee awards, the Court applies the familiar "lodestar" analysis, yielding a presumptively reasonable fee by multiplying a reasonable hourly rate by the reasonable number of hours expended by counsel; this "lodestar" figure is then adjusted upwards or downwards if

compelled by extraordinary circumstances. S*ee generally Gisbrecht v. Barnhart*, 535 U.S. 789, 801-02 (2002).

Mr. Kaur requests fees for time incurred by two counsel, a senior attorney (Ms. Beck) at $ 300 per hour, a junior attorney (Ms. Frost) at $ 200 per hour, and the services of a legal assistant (Ms. Carey) at $ 100 per hour. Ms. Intelmann does not challenge the reasonableness of these requested rates, and in the absence of any challenge, the Court finds the requested rates to be reasonable.

The Court then turns to the reasonableness of the hours expended. Ms. Intelmann objects to a variety of individual time entries. The Court has reviewed each challenged entry and the parties' positions regarding them. The Court finds some merit in Ms. Intelmann's challenge to Ms. Frost billing attorney time for ministerial tasks such as drafting and filing documents such as Returns of Services and Certificates of Mailing. Presumably, these were filed electronically, and although attorneys may (and in some situations must) perform the keystrokes necessary to accomplish the task, support staff routinely do so as well. There does not appear to have been any needs for attorney expertise to accomplish such tasks, thus the Court excludes $ 100 in attorney time to account for such time. The Court also agrees with Ms. Intelmann that the $ 400 claimed for paralegal time at the May 21 evidentiary hearing is unnecessary given the presence of two attorneys (both of whom billed time for attending the hearing). The presentation of evidence at the hearing was not so complex that required three individuals. The Court finds the remaining requested hours to be reasonable, and thus, reduces Mr. Kaur's request for fees by $500.

Ms. Intelmann also objects to specific items of Mr.Kaur's claimed costs and expenses. The Court understands that Mr. Kaur is limiting his request for expenses to flight, hotel, rental

car, an expert witness report, and the cost transcription of the oral ruling.  Of these, the Court finds that only the claimed cost of $ 1,650 for a rental car is excessive.  The Court observes that although Mr. Kaur's hotel expenses involve the period from May 16 to May 28, but the car rental receipt covers a period from May 17 to June 9.  No justification is offered for the additional 11 days of car rental.  Based on the various daily rates listed in the rental invoice, it appears that car rental was charged at a total of $ 65.48 per day.  The Court eliminates 11 days of rental charges at this rate, reducing the amount of claimed expenses by $720.28.  The Court finds the remaining items of expense claimed by Mr. Kaur are reasonable.

Accordingly, the Court finds that the lodestar figure of fees and costs is $ 17,705.52.

Ms. Intelmann argues that the Court should either reduce (or entirely eliminate) Mr. Kaur's award on the grounds that she "has no tangible assets and is currently unemployed."  The Court need not address the parties' arguments as to whether a reduction of fees due to one party's financial condition is appropriate, as the Court notes that Ms. Intelmann did not support this argument with an appropriate evidentiary submission.  The Court has no financial affidavit from Ms. Intelmann or other indicia of her current economic condition.  In the absence of evidence attesting to Ms. Intelmann's financial status, beyond the mere assertion of a lack of resources in her response brief, the Court will not adjust its fee and cost award.

Accordingly, Mr. Kaur's Motion for Fees **(# 35)** is **GRANTED IN PART**, insofar as the Court awards him $ 17,705.52 in fees and costs pursuant to 42 U.S.C. § 11607(b)(3).  The

Judgment **(# 29)** is **DEEMED AMENDED** to include this award in favor of Mr. Kaur and against Ms. Intelmann.

Dated this 4th day of February, 2014.

**BY THE COURT:**

_____

Marcia S. Krieger
Chief United States District Judge

4